GEOFFREY HANSEN
Acting Federal Public Defender
Northern District of California
JOHN PAUL REICHMUTH
LISA MA
Assistant Federal Public Defenders
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone:  (510) 637-3500
Facsimile:  (510) 637-3507
Email:  John_Reichmuth@fd.org

Counsel for Defendant Williams

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN NALOE WILLIAMS,<br><br>Defendant. | Case No.: CR 21–462 HSG<br><br>**MOTION TO COMPEL DISCOVERY**<br><br>Court:           Courtroom 2, 4th Floor<br>Hearing Date:  April 20, 2022<br>Hearing Time:  10:00 a.m. |

**NOTICE AND MOTION**

Nathan Naloe Williams, a black individual, was charged with felon-in-possession as a result of the Richmond Police Department (RPD) monitoring his social media account. Discovery produced by the government revealed that the RPD conducted this monitoring through a social media account portraying a black woman and that the RPD was also monitoring other black individuals on social media. Based on this information, Mr. Williams, through counsel, moves the Court for an order compelling discovery relevant to pursue a claim of race-based selective enforcement. Specifically, he requests all notes, memoranda, communications, policies, and other materials relating to: (1) how the RPD selects social media accounts for monitoring, (2) how many of the RPD's targeted social media

accounts belong to black users, and (2) how the RPD chose to use photos depicting a black woman for the social media account it uses to monitor targets.

The motion is based on this notice and motion, the following memorandum of points and authorities and accompanying exhibits, the Equal Protection Clause of the United States Constitution, all other applicable constitutional, statutory, and case authority, and such evidence and argument as may be presented at the hearing of this motion.

## RELEVANT FACTUAL ALLEGATIONS

In September 2020, RPD officers monitored and reviewed Mr. Williams' social media account on Instagram, which allegedly had the username "nastynatemm." Declaration of John Paul Reichmuth ("Reichmuth Decl."), Ex. A at US-00011. As a result of this monitoring, RPD officers obtained a search warrant for a hotel room allegedly belonging to Mr. Williams, where officers allegedly recovered a black Glock 26 pistol and ammunition. *Id*. at US-00014. Mr. Williams was subsequently federally charged for being a felon in unlawful possession of the pistol and ammunition, in violation of 18 U.S.C. § 922(g).

Discovery produced by the government shows that the social media account RPD used to monitor Mr. Williams depicted a black woman. *See* Ex. B, US-86, at 3:54. Discovery also revealed that the RPD was monitoring approximately seven other social media accounts that were apparently used by black individuals. *See id*. (@richcityswagg100, @narfsidemelly, @bundelofbec, @nohosayjose, @buggahhh, @dmac3400, @_fastlanekev); Reichmuth Decl. ¶ 3. Mr. Williams now moves for discovery to pursue a claim for selective enforcement based on the RPD's monitoring of the social media accounts of black users.

## ARGUMENT

"To succeed on his selective enforcement claim, [Mr. Williams] must show that the enforcement had a discriminatory effect and was motivated by a discriminatory purpose. He is unlikely to meet this demanding standard without information that only the government has." *United States v. Sellers*, 906 F.3d 848, 850 (9th Cir. 2018). He can, however, obtain this information through discovery. *Id*. To do so, he "need *not* proffer evidence that similarly-situated individuals of a different race were not investigated or arrested…" *Id*. at 855 (emphasis added). Of course he "must have

something more than mere speculation to be entitled to discovery," but "what that something looks like will vary from case to case." *Id*. "The district court should use its discretion—as it does for all discovery matters—to allow limited or broad discovery based on the reliability and strength of the defendant's showing." *Id*.

In this case, Mr. Williams has more than "mere speculation." He has made a reliable showing that the RPD targeted black individuals, like him, to monitor on social media for crimes: the RPD used a social media account purporting to be a *black* woman to monitor at least eight *black* social media users, including Mr. Williams. He is entitled to limited discovery of why the RPD chose to pretend to be a black woman on social media, how the RPD decided to target him and the other black social media users for monitoring, and the racial breakdown of its targets for social media monitoring. *See United States v. Lopez*, 415 F. Supp. 3d 422, 427–28 (S.D.N.Y. 2019) (ordering selective enforcement discovery of "(1) all DEA manuals, circulars, protocols, and the like that provide guidelines for how and when reverse stings should be originated; and (2) all notes, memoranda, or other investigative material showing how defendants were identified and evaluated as targets in this particular reverse sting operation.").

## CONCLUSION

The Court should order the government to produce all notes, memoranda, communications, policies, and other materials relating to: (1) how the RPD selects social media accounts for monitoring, (2) how many of the RPD's targeted social media accounts belong to black users, and (2) how the RPD chose to use a photo depicting a black woman for the social media account it uses to monitor targets.

Dated:   March 2, 2022                                   Respectfully submitted,

GEOFFREY HANSEN
Acting Federal Public Defender
Northern District of California

                     /S
JOHN PAUL REICHMUTH
Assistant Federal Public Defender