JODI LINKER
Federal Public Defender
Northern District of California
JOHN PAUL REICHMUTH
LISA MA
Assistant Federal Public Defenders
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone:  (510) 637-3500
Facsimile:  (510) 637-3507
Email:    John_Reichmuth@fd.org

Counsel for Defendant Williams

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN NALOE WILLIAMS,<br><br>Defendant. | **Case No.:** CR 21–462 HSG<br><br>**REPLY TO UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**<br><br>**Court:**  Courtroom 2, 4th Floor<br>**Hearing Date:** April 20, 2022<br>**Hearing Time:** 10:00 a.m. |

## INTRODUCTION

In its opposition to Nathan Naloe Williams' motion to compel discovery relevant to pursue a claim of race-based selective enforcement (Dkt. 50), the government argues that it is "unclear" that the standard for discovery for selective enforcement claims in *United States v. Sellers*, 906 F.3d 848 (9th Cir. 2018), applies to this case, and, even if it does, Mr. Williams has not made the requisite showing. Dkt. 58. The government is incorrect. Mr. Williams has made a sufficient showing of discriminatory intent and effect to warrant limited discovery into a claim of selective enforcement.

# ARGUMENT

## I. The Ninth Circuit's holding in *Sellers* that a selective enforcement claimant need only have "*something* more than mere speculation" to be entitled to limited discovery applies in this case.

The government first argues that "it is unclear" whether *Sellers* "applies with full force in this context." Dkt. 58 at 7. The government seeks to distinguish *Sellers*, an opinion concerning a reverse-sting operation, from this case, but the "lower standard" set forth in *Sellers* is not restricted only to reverse-sting operations. 906 F.3d at 854. To the contrary, the Ninth Circuit made clear that *Sellers* applies to selective enforcement claims generally by using expansive language in its holding: "Thus, *obtaining discovery on a selective enforcement claim* does not require some evidence tending to show the existence of both essential elements of the defense, discriminatory effect and discriminatory intent, notwithstanding that the defendant will eventually need to show both elements to prevail on the claim." *Id*. at 856 (internal quotations and citations omitted, emphasis added). Here, as in *Sellers*, Mr. Williams seeks discovery into a claim that law enforcement targeted him for investigation on the basis of his race. *Id*. at 853. *Sellers*' "lower standard" applies. *Id*.

## II. Mr. Williams has "*something* more than mere speculation," entitling him to limited discovery.

In this case, Mr. Williams has met *Sellers*' "lower standard" because he has "*something* more than mere speculation." 906 F.3d at 853. The government disagrees. It argues that the race of the seven other social media users targeted for monitoring by the RPD "are far from obvious." Dkt. 58 at 8. Specifically, it claims the photograph for the "@narfsidenelly" only appears to show dollar bills and not the race of the person depicted. *Id*. The government is incorrect: the photograph for "@narfsidenelly" includes the thumb of the person holding the dollar bills, and the skin color of that thumb appears to be non-white. *See* Def. Ex. B. Regardless, the issue at this stage is not whether the targeted users are in fact black, it is whether Mr. Williams has "*something* more than mere speculation" of the discriminatory effect or intent of the RPD in its social media monitoring operations.

The government argues that Mr. Williams is required to show statistical evidence of discriminatory effect, like the defendants showed in *United States v. Lopez*, 415 F.Supp.3d 422, 427 (S.D.N.Y. 2019) and *United States v. Mumphrey*, 193 F.Supp.3d 1040, 1059 (N.D. Cal. 2016). Dkt.

REPLY RE: MOT. TO COMPEL DISCOVERY
*WILLIAMS*, CR 21–462 HSG

2

58 at 7-8. Even assuming the other social media users are black, the government argues, such evidence is insufficient to demonstrate discriminatory effect because Mr. Williams lacks evidence of the "total number of individuals followed by the undercover account in question, the total number of individuals followed by all RPD undercover accounts, the racial breakdown of the individuals monitored by RPD." Dkt. 58 at 9. But that is precisely the discovery sought in the motion. Dkt. 50 at 3. Requiring Mr. Williams to show what he can only gain through discovery at this stage would make his claim "impossible to prove." *Sellers*, 906 F.3d at 854.

Moreover, even without knowing the total number of individuals monitored by RPD undercover accounts and the racial breakdown of those monitored, Mr. Williams can show statistical evidence of discriminatory effect because black individuals constitute only approximately one-fifth (18.2%) of the Richmond population. *See* United States Census Bureau, *Richmond, California, QuickFacts*, *available at* https://www.census.gov/quickfacts/richmondcitycalifornia. The eight black individuals monitored by RPD at the moment in time captured in Defense Exhibit B amount to a statistical sample, akin to observing a single RPD officer stopping eight black individuals in a row. Such an occurrence is highly unlikely—approximately one in 390,625 ($5^8$)—if the RPD was simply monitoring social media accounts of Richmond residents at random. The statistical significance of even this small sample of RPD's social media monitoring operations "is sufficient to warrant further inquiry and discovery." *Lopez*, 415 F. Supp. 3d at 427.

*Sellers* rejected the "rigorous" showing that the government argues Mr. Williams must proffer at this stage. *Id.* Instead, it instructed this Court to "use its discretion—as it does for all discovery matters—to allow limited or broad discovery based on the reliability and strength of the defendant's showing." *Id.* at 855. Though the defendants in *Lopez* and *Mumphrey* met their evidentiary burden through statistical evidence of discriminatory effect, the proffered evidence sufficient to meet *Sellers*' lower standard "will vary from case to case." *Id*. Here, Mr. Williams has proffered some evidence of discriminatory intent and effect: RPD *chose* to use the profile photograph of a black woman for its undercover account to monitor the social media accounts of at least eight users who also appeared to be black, in stark contrast to the racial makeup of Richmond, which is only 18.2% black. *See* Def. Ex. B. That is "something more than mere speculation" that entitles Mr. Williams to limited discovery.

*Sellers*, 906 F.3d at 855.

## CONCLUSION

The Court should order limited discovery on: (1) how the RPD selects social media accounts for monitoring, (2) how many of the RPD's targeted social media accounts belong to black users, and (3) how the RPD chose to use a photo depicting a black woman for the social media account it uses to monitor targets.

Dated:   April 5, 2022                    Respectfully submitted,

                                                    JODI LINKER
                                                  Federal Public Defender
                                                  Northern District of California

                                                          /S
                                                  JOHN PAUL REICHMUTH
                                                  Assistant Federal Public Defender